United States Court of Appeals

Fifth Circuit

**F I L E D**

**August 11, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41318
c/w No. 04-41509
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANITRA DESHEA JENKINS,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
(3:03-CR-50-ALL)
(6:03-CR-75-ALL)
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

In this consolidated appeal, Defendant-Appellant Anitra Deshea Jenkins appeals her guilty plea convictions for being a felon in possession of a firearm and for bank robbery and possession of a firearm in furtherance of a crime of violence.  18 U.S.C. §§ 922(g)(1), 924(a)(2), (c)(1)(A)(ii), (B)(i)&(ii); 2113(a) & (d).

Jenkins argues that the district court erred in assigning a career offender enhancement based upon two prior convictions for aggravated assault with a deadly weapon.  Jenkins contends that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

these convictions were part of a common scheme and should have been counted as separate offenses.

We review <u>de novo</u> the district court's interpretation of the Guidelines, and more specifically, that court's determination whether prior sentences were part of a common scheme. <u>United States v. Villegas</u>, 404 F.3d 355, 359 (5th Cir. 2005); <u>United States v. Robinson</u>, 187 F.3d 516, 519 (5th Cir. 1999).

The record reflects that Jenkins's assault on a woman at a gas station during the second aggravated assault was inconsistent with Jenkins's common scheme to reunite with her girlfriend. Accordingly, the district court did not err in determining that the two prior convictions were unrelated and that Jenkins qualified as a career offender. <u>See</u> <u>Robinson</u>, 187 F.3d at 519-20.

Jenkins also argues that the district court's application of the career offender enhancement violates <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). She concedes that her argument is reviewed for plain error. <u>See</u> <u>United States v. Mares</u>, 402 F.3d 311 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005)(No. 04-9517).

The district court's determination of career offender status does not implicate <u>Booker</u>. <u>United States v. Guevara</u>, 408 F.3d 252, 261 (5th Cir. 2005). Accordingly, Jenkins fails to demonstrate error, plain or otherwise.

AFFIRMED.